**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BETTY FRANCOIS**

    **Plaintiff,**

**vs.**                           **CASE NO. 4:20-CV-00554-MW-MAF**

**TALLAHASSEE FCI,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 but has not been granted leave to proceed *in forma pauperis* (IFP). ECF No. 1. For the reasons stated below, the case should be dismissed for Plaintiff's failure to comply with court orders and because Plaintiff fails to state a claim. The procedural history of this case warrants discussion.

**I.  Relevant Procedural History**

Plaintiff initiated this case on November 23, 2020, asserting claims of unsafe housing pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff also submitted a prisoner consent form and financial certificate along with an account statement showing financial transactions from April 23, 2020,

through November 9, 2020. ECF No. 2. Plaintiff failed to submit a proper motion to proceed *in forma pauperis* or to pay the filing fee. Accordingly, the Court gave Plaintiff until January 4, 2021, to return the motion or pay the filing fee. ECF No. 4. Plaintiff filed an extension to pay the fee because she does not qualify for IFP status. ECF No. 5. The Court granted the extension and gave Plaintiff until February 5, 2021 to pay the full amount. ECF No.6. The Court advised Plaintiff that failure to comply with the Order would result in a recommendation to dismiss the case. Id. To date, Plaintiff has failed to pay the fee.

Plaintiff sues Tallahassee FCI alleging "unsafe, inhumane, OSHA violations" at the facility. ECF No. 1, p. 5. Plaintiff claims that the roof and ceiling are in disrepair necessitating buckets, trash cans, and blankets to control incoming rainwater. Id. Plaintiff claims there is black mold in the showers and the unit living areas, a roach infestation in the food service areas, asbestos, lead based paint, the water plumbing pipes are not up to code, there is poor air circulation. Id. She maintains that repairs and maintenance are required to ensure safe housing. Id., p. 6. Plaintiff seeks $75,000 in monetary damages, a public reprimand, and an apology for failure to provide safe housing. Id. Plaintiff also seeks "extensive medical coverage

for life to provide for possible complications to [her] future health" and an injunction. Id.

## II. Discussion

### A. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Plaintiff has failed to comply with the court's orders to pay her filing fee by the set deadlines. Finally, in each of its orders directing Plaintiff to pay the filing fee, the Court warned that failure to comply with court orders would result in a recommendation to dismiss this

action. The Court has provided Plaintiff liberal opportunity to comply to no avail. Plaintiff did not pay the filing fee and failed to comply with Court orders. Dismissal is warranted. Granting Plaintiff additional time to comply is futile because the complaint fails to state a claim for relief.

B. Standard of Review

Because Plaintiff is a prisoner proceeding *pro se* and seeks redress from a government entity, this case is subject to the judicial screening provisions of United States Code Title 28, Sections 1915 and 1915A. Section 1915(e)(2) instructs that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>
> * * *
>
> (B) the action or appeal –
>
>     (i)    is frivolous or malicious;
>
>     (ii)   fails to state a claim on which relief may be granted; or
>
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim, a plaintiff must establish (1) she was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. 42 U.S.C.

§ 1983; Polk County v Dodson, 454 U.S. 312, 326 (1981); Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997).

The standard for determining whether a complaint states a claim upon which relief may be granted is the same under Section 1915(e)(2)(B), or Federal Rules of Civil Procedure 12(b)(6) and 12(c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").

To state a constitutional claim regarding prison conditions, a prisoner must allege facts that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and a defendant prison official subjectively acted with deliberate indifference regarding the conditions. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Under the objective component, the inmate must show that she suffered a "deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities.'" Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Only extreme conditions will satisfy this inquiry; and the inmate must show, at the very least, that the challenged conditions "'pose[d] an unreasonable risk of serious damage to [her] future health' or safety."

Chandler, 379 F.3d at 1289 (quoting Helling v. McKinney, 509 U.S. 25, 33 (1993)); see also Farmer, 511 U.S. at 847 ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." (emphasis added)). An inmate is not entitled to relief simply because of uncomfortable, restrictive, or inconvenient conditions of confinement because "[t]o the extent that such-conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

Here, Plaintiff makes no allegation that she suffered any injury or illness as a result of the prison conditions. To the contrary, her prayer relief is, essentially, an admission that she has not been injured; she wants "extensive medical coverage for life . . . for possible complications to my future health." Speculation that Plaintiff may develop some illness at some future time that may be attributable to the prison conditions does not support a claim under Section 1983. Dismissal is warranted.

## III.  Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED or failure to comply with court orders pursuant to Fed. R. Civ.

P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that case be DISMISSED for failure to state a claim and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, the case should be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on February 10, 2021.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).